**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

FERNANDO ESTRELLA,

　　　　Defendant-Appellant.

No. 11-6204
(D.C. No. 5:10-CR-00281-F-7)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **EBEL**, and **MATHESON**, Circuit Judges.

---

This matter is before the court on the government's motion to enforce the appeal waiver contained in defendant Fernando Estrella's plea agreement. The defendant pleaded guilty to one count of possession with intent to distribute methamphetamine and one count of being an illegal alien in possession of a firearm. The district court sentenced defendant to 168 months' imprisonment.

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This sentence was below the statutory maximum sentence of life imprisonment and at the low end of the 168- to 120-month advisory guideline range determined by the district court.

In his plea agreement, the defendant "knowingly and voluntarily waive[d] his right" to "[a]ppeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction" and his right to "[a]ppeal [or] collaterally challenge . . . his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline determined by the Court to apply to this case." Mot. to Enforce, Att. 1 (Plea Agreement) at 9. Despite this waiver, the defendant filed a notice of appeal, seeking to challenge his sentence. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the government's motion and dismiss the appeal.

*Hahn* requires enforcement of an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id*. at 1325. A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds

-2-

the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id*. at 1327 (quotations omitted).

The defendant concedes that his appeal is within the scope of the appeal waiver and that he knowingly and voluntarily waived his appellate rights.  He contends, however, that it would be a miscarriage of justice to enforce the appeal waiver because the 168-month sentence is excessive, based on his contention that he was only a minimal player in the drug conspiracy.  The defendant's miscarriage-of-justice argument is simply a claim of sentencing error, and this court has repeatedly held that alleged sentencing errors do not establish that enforcement of the appeal waiver would be unlawful under the miscarriage-of-justice inquiry.  *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry is not whether the sentence is unlawful, but whether the waiver itself is unlawful . . . .").  Thus, it is not a miscarriage of justice to enforce the appeal waiver.

The government's motion is GRANTED, and the appeal is DISMISSED.


ENTERED FOR THE COURT
PER CURIAM